UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIAN ISREAL, ET AL　　　　　　　　　CIVIL ACTION NO. 06-cv-1999

VERSUS

RAEFORD FARMS OF LOUISIANA,　　　MAGISTRATE JUDGE HORNSBY
LLC, ET AL

**MEMORANDUM RULING**

This is a collective action filed pursuant to the Fair Labor Standards Act. There are more than 600 plaintiffs who worked at six plants in Louisiana, North Carolina, and South Carolina. A discovery plan allowed Defendants to take depositions of 12% of the plaintiffs. The parties worked together to identify the particular plaintiffs who would be deposed. Defense counsel then emailed a notice of deposition to the plaintiffs' counsel.

Defendants have filed a Motion to Dismiss (Doc. 133) and asked the court to dismiss the claims of 25 plaintiffs who are said to have failed to appear for a deposition. Defendants represent that the plaintiffs have offered no explanation for the failures or made attempts to reschedule.

Plaintiffs argue that the depositions Defendants were able to take provided an adequate sample to ensure fairness and that dismissal is unwarranted because there is no evidence that any party intentionally failed to appear for a deposition. Counsel does not reveal what methods they used to notify the plaintiffs of their deposition dates, but counsel do represent that (1) there were several persons for whom Defendants could not provide

complete contact information and (2) there is no evidence the persons were provided notice of a deposition other than the notice that was emailed to counsel.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court may order sanctions "if a party ... fails, after being served with proper notice, to appear for that person's deposition." The possible sanctions include dismissal of the action in whole or in part. Fed. R. Civ. Proc. 37(d)(3) and 37(b)(2)(A)(v). Dismissal is a harsh sanction that is ordinarily not ordered if lesser sanctions will suffice and there is a lack of an aggravating factor such as intentional misconduct, fault that is attributable to the client instead of his attorney, or substantial prejudice to the other party.

No party has provided the court any specific information about the notice, if any, that plaintiffs' counsel provided their clients about the scheduled depositions. There is still ample time remaining for Defendants to alleviate any prejudice by taking the depositions of these persons if they desire to do so. Under the circumstances, the court finds that the best exercise of its discretion is to deny dismissal. Accordingly, the **Motion to Dismiss (Doc. 133)** is **denied**.

Defendants are directed to provide Plaintiffs' counsel, by **September 30, 2009**, a list of those plaintiffs among the ones mentioned in the motion to dismiss that Defendants wish to depose. All counsel should then confer in good faith and select dates for the depositions. Defendants shall serve on Plaintiffs' counsel notices of the depositions sufficiently in advance of the scheduled dates so that Plaintiffs' counsel will have ample time to notify the

deponents. Plaintiffs' counsel shall then promptly take reasonable steps to notify the deponents, and counsel shall keep a record of those efforts. The notice that counsel provides the deponents shall inform the deponents that their claims will likely be dismissed if they fail to appear for the deposition.

     THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

                                                      MARK L. HORNSBY
                                     UNITED STATES MAGISTRATE JUDGE