UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIAN ISREAL, ET AL                      CIVIL ACTION NO. 06-cv-1999

VERSUS

RAEFORD FARMS OF LOUISIANA, LLC,         MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM ORDER

This FLSA case presents claims by employees at six plants. Some of the plants are union, and others are not. All plants present legal issues in common, but the union plants offer additional defenses. The parties selected one union plant (Arcadia, Louisiana) and one non-union plant (Wallace, North Carolina) and agreed to limit the initial summary judgment and trial proceedings to those two plants. The court granted summary judgment (Doc. 198, 199 and 206) for the defendants and dismissed all claims of the plaintiffs employed at those two plants.

Defendants filed a Motion for Entry of Judgment under Fed. R. Civ. Proc. 54(b) (Doc. 210) as to the plaintiffs employed at the Arcadia, Louisiana plant (who are listed in Appendix A to the motion) and Wallace, North Carolina plant (who are listed in Appendix B to the motion). Counsel for plaintiffs have consented to the request.

Rule 54(b) provides in relevant part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The ruling at issue is final, as to the relevant parties, and there is no just reason for delay in entering the final judgment so that any appellate remedies may be pursued immediately, without the need to await what may be quite some additional time to resolve the claims of the employees at the other plants. If the Arcadia and Wallace plaintiffs do pursue an immediate appeal, the resulting appellate decision will likely address questions of law about which there is substantial disagreement, which may significantly reduce the time and litigation expense it will take to resolve the claims of the remaining plaintiffs. The Motion for Entry of Judgment under Fed. R. Civ. Proc. 54(b) (Doc. 210) is granted, and a separate Rule 54(b) judgment will be entered as requested.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of June, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE